No. 43

CABLE et v. CUBBON

Ohio Appeals, 7th Dist., Jefferson Co.

No. 18996. Decided May 20, 1926

329. COVENANTS—While the obligation on part of the lessee to operate the lessor's lands for oil and gas is not expressed in so many words, it arises by necessary implication.

460. EQUITY—Equity will grant relief for the violation of an implied covenant.

FARR, J.

The action in the Jefferson Common Pleas was to quiet title in a suit brought by Mary Cable et al. against Albert Cubbon and resulted in a finding for Cable. It seems that James Cable, owner of the land in question, executed a lease for oil in 1902, and by successive transfers Cubbon became the owner thereof. Cable et al. are the heirs of James Cable and are the present owners.

No wells have been drilled since 1903 or 1904 and the owners claim that they should have their title quieted in the remaining part of the property, they having been in possession of same as against the lessee for more than 21 years. The case was heard on appeal and the Court of Appeals held:

1. Cubbon does not indicate by his testimony that he has any present intention of developing the remainder of the farm, and the issue therefore is whether Cubbon is entitled under the circumstances, to hold the remainder of the farm as against the owners.

2. The owners do not object to further development by Cubbon providing he will proceed to do so.

3. The rule prevailing in this jurisdiction is that a lessee must proceed with reasonable diligence to develop the premises covered by the lease which he holds. 68 OS. 488; 6 N.P. 609.

4. It is argued that as to further development than provided in the lease there was but an implied covenant to reasonably develop and that a lease will not be cancelled for the violation of an implied covenant; but that the

complaining party is relegated to an action for damages. 57 OS. 118.

5. The case of 57 OS. 118 does not here control, as that suit was for forfeiture and cancellation while this is to quiet title and does not come within the principles therein announced.

6. Therefore, equity will grant relief for the violation of an impled covenant; for although the lessee drilled the number and kind of wells within the time specified, it does not follow that he can hold the remainder of the land for all time without any attempt to develop it.

7. If in the judgment of the lessee, the territory does not justify further effort, it is wholly inequitable to hold it for so long a period of years without any effort whatsoever at development; for if undesirable territory to the lessee, why not permit plaintiffs or someone under them to develop it?

Plaintiffs are entitled to equitable relief.

(Roberts & Pollock, JJ., concur.)

Attorneys—Carl H. Smith for Cable et; J. H. White for Cubbon; both of Steubenville.